By the Court :
We do not consider the authorities cited for the plaintiff as sufficient to sustain his action. They seem designed to show the hardship of the case, and the reluctance with which the .King’s Bench decided against a meritorious claim, on a technical objection, rather than to support the present action. In the case of Hambly v. Trotter, on which the plaintiff most relies, Lord Mans *249 field considers the question in reference to those actions, which survive or die on account of the cause of action ; and those which survive or die, on account of the form of action. If the claim can be ^considered as originating in contract, express or implied, the action survives; but not so, if it be a tort, or arises ex delicto, supposed tobe by force, and against the peace. In the ease submitted, there is no question as to the propriety of the form, in which the suit is brought. Assumpsit will lie against an administrator, on matters arising in the life of the intestate; but the real question is, whether this form of action can be maintained, on the facts in the agreed case. The premises occupied by the intestate, have been recovered in an action of trespass and ejectment. The term for which rent is demanded, is subsequent to the demise laid in the declaration. The proper remedy is, therefore, trespass for the mesne profits; but as the action, in that form, does not survive, it is contended, that the court ought to sustain it in its present form, to prevent a failure of justice. This we would do most willingly, if the law would permit it. But the plaintiff has elected to treat Cumming as a trespasser, from the day of the demise; he can not, therefore, in the language of Justice Ashurst, “blow hot and cold at the same time,” by treating his possession as that of a trespasser and of a lawful tenant, during the same period. He can not recover an ejectment, and then recover for use and occupation for the time subsequent to the day of the demise. It is admitted that there has not been any contract between Sinnard and Cumming. Cumming entered without the consent and against the will of Sinnard. He was considered, and treated as a trespasser, from the time of his entry, as appears from the record, and on that ground, the possession was recovered from him. There is not only a want of matter showing an agreement, but there is the proof of facts which estop the plaintiff from presuming it.
The action of assumpsit is often sustained, where there is not, in fact, any agreement between the parties. The proper action against a common carrier, is on the custom of the realm, which is for a tort, but after the death of the carrier, assumpsit may be maintained against his representatives. So trover, which is for a tort, is the proper remedy against one, who unlawfully converts the goods of another to his own use, but after the death of the wrong doer, assumpsit, for the value of the goods, will lie against his ex- *250 ocutor, but this must be, where the facts are such that an agreement may be jiresumed.
*It seems to be well settled, that after a recovery in ejectment, assumpsit will lie for the mesne profits, anterior to the date of the demise, but not for the time subsequent to the demise. The reason of the distinction is evident. In the former case, the presumption of a contract is not excluded; in the latter case, it is. A man can not hold by agreement and as a trespasser, at the same time; though for a part of the time he may hold by agreement, and for the residue as a tresjiasser.
It is not stated in the agreed case at what time Cumming entered; but it was taken for granted in the argument, that the demise was carried back to the day of the entry, for which time, we are of opinion, that rents and profits- can not be recovered in this action.
As the case is disposed of on this point, it is not necessary to consider the question arising on the statute of limitations.
Judgment for defendant.